SCHOTTKY, J.
 

 This is an appeal on the judgment roll by Alva L. Turner from a judgment in contribution in favor of Kenneth Pierce. Diamond Gardner Corporation against whom a judgment was also rendered has dismissed its appeal.
 

 Diamond Gardner Corporation employed Alva L. Turner to fell certain timber it had purchased from the United States. Turner, in turn, employed Kenneth Pierce to cut the timber. On May 22, 1957, Pierce, while in the course of his employment, negligently cut one of the trees in such a manner that it struck another tree which fell and damaged the home of Mr. and Mrs. Charles P. Haines. They sued Pierce, Diamond Gardner Corporation and Turner for the damage caused and recovered a judgment against the three defendants in the sum of $2,912.50. Thereafter, Charles and Wilma Haines satisfied the judgment by executing on a bank account in the name of Kenneth Pierce, who then made a motion under the provisions of section 875 of the Code of Civil Procedure for contribution by the other defendants. Pursuant to the request the court entered a judgment of contribution.
 

 The court found as follows:
 

 “(1) That on April 15, 1959 judgment was rendered jointly against the above named defendants in the sum of $2,912.50, plus costs which were thereafter fixed at the sum of $61.98.
 

 “ (2) That the above entitled action was a tort action.
 

 “ (3) That on, or about, the 9th day of July, 1959, a writ of execution was issued out of the above entitled Court to satisfy the aforementioned judgment, plus accrued costs, plus interest accrued in the sum of $27.17 and further costs in the sum of $3.45 for levy of said writ, or a total of $3,005.00.
 

 “ (4) That thereafter defendant Kenneth Pierce paid the full amount of $3,005.00.
 

 
 *266
 
 “(5) That none of the other defendants have contributed or paid any part of said judgment.
 

 ” (6) That there was no agreement of indemnity between defendant Kenneth Piebce, on the one hand, and either of the other two defendants, namely Diamond Gaedneb Cobpobation, a corporation, and Alva L. Tubneb. Nor were there any facts from which any obligations of Piebce to indemnify either of the other two defendants could be inferred.”
 

 Two of the findings in the negligence action are also pertinent. They read as follows:
 

 ”10. That on Hay 22, 1957, and prior thereto, defendant Alva L. Tubneb, in the course and scope of his employment aforesaid, negligently failed to supervise the defendant Kenneth Piebce in the cutting and felling of said timber.
 

 ”11. That the felling of the tree which resulted in the damage to plaintiffs’ property in the-Mill Creek Homesite on May 22, 1957, constituted an inherently dangerous activity.”
 

 It should first be pointed out that while the accident occurred prior to the enactment- of the contribution statute the judgment in the contribution action was entered February 16, 1961, after the enactment of the statute. The contribution-statute is therefore applicable. As stated in
 
 Augustus
 
 v.
 
 Bean,
 
 56 Cal.2d 270, at page 272 [14 Cal.Rptr. 641, 363 P.2d 873]:
 

 “In
 
 Hudson
 
 v.
 
 Hutchason
 
 (1959) 171 Cal.App.2d Supp. 869, 871 [340 P.2d 756], it was held that section 880 [Code Civ. Proc.] refers to causes of action for contribution, rather than those for the original injury, and that where a judgment in a tort suit is entered against two defendants after January 1, 1958, and is satisfied by one of them, there is a right of contribution notwithstanding the fact that the accident occurred before that date. We agree. The statutory system for contribution does not concern the relationship of tortfeasors to the one injured but deals with the relationship of tortfeasors to each other when, after entry of judgment, one of them discharges the common liability. In such a system it is clear that the important consideration is when the judgment is entered and payment made to the injured party, not the date of the tort.
 

 “Our construction of section 880 does not give rise to a problem of retroactive impairment of a vested right. As of the time of the accident a person did not have a vested right at common law to avoid paying for the consequences of his negligence merely because there were other tortfeasors in
 
 *267
 
 volved. After the entry of a judgment against the joint tortfeasors, each of them was liable in full until the judgment was satisfied, and, if the plaintiff chose to collect from one to the exclusion of another, this was a matter of chance rather than the result of a right which became fixed as of the time of the accident. Contribution statutes, if applied where an accident antedates their enactment, do not retroactively increase the liability existing at the time of injury but merely provide a method by which the liability of each of the tortfeasors may be limited to his pro rata share of the judgment. The argument that a vested right would be impaired has been rejected not only in the
 
 Hudson
 
 case (171 Cal.App.2d Supp., p. 871) but also in decisions of other jurisdictions. [Citations.] ”
 

 Appellant’s only contention is that he was entitled to indemnity from Pierce and that therefore the court erred in ordering contribution. The rule which appellant seeks to invoke is stated in
 
 San Francisco Unified School District
 
 v.
 
 California Building etc. Co.,
 
 162 Cal.App.2d 434 [328 P.2d 785], as follows: “‘To these exceptions [as to noncontribution or indemnity between joint tortfeasors] to the application of the general rule, the courts in a few cases have added another exception to the effect that where the injury which resulted to a third person, as to whom both of the parties were negligent or guilty of a wrongful act, arose from a violation by the defendant of a duty owing by him to the plaintiff, or that where the defendant was a wrongdoer to the plaintiff but the plaintiff was not a wrongdoer to the defendant, although both were liable to the person injured, the plaintiff may recover contribution or indemnity, as the case may be, from the defendant notwithstanding the fact that his negligence also contributed to the third person’s injury. . . .’ ”
 

 And as stated in
 
 American Can Co.
 
 v.
 
 City & County of San Francisco,
 
 202 Cal.App.2d 520 [21 Cal.Rptr. 33], at page 525: “. . . The court, in quoting from
 
 Builders Supply Co.
 
 v.
 
 McCabe
 
 (1951) 366 Pa. 322, 325-326, 328 [77 P.2d 368], stated, at page 75: ‘ “The right of
 
 indemnity
 
 rests upon a difference between the primary and secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his part, has been compelled by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself
 
 *268
 
 is only secondarily liable. The difference between primary and secondary liability is not based on a difference in
 
 degrees
 
 of negligence or on any doctrine of
 
 comparative
 
 negligence— a doctrine which, indeed, is not recognized by the common law; ... It depends on a difference in the
 
 character
 
 or
 
 kind
 
 of the wrongs- which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. . . . But the important point to be noted in all the eases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible.” ’ . . .”
 

 While it is no doubt true that in certain circumstances indemnity is available to one joint tortfeasor either through contract or equitable considerations
 
 (City & County of San Francisco
 
 v.
 
 Ho Sing,
 
 51 Cal.2d 127 [330 P.2d 802]), the question of whether indemnity is available is usually one of fact. For, as stated in
 
 Alisal Sanitary Dist.
 
 v.
 
 Kennedy,
 
 180 Cal.App.2d 69 [4 Cal.Rptr. 379], at page 79: “. . . The nature and scope of the relationship between the plaintiff and the defendants; the obligations owing by one to the other; the extent of the participation of the plaintiff in the affirmative acts of negligence; the physical connection of the plaintiff, if any, with the defendants’ acts of negligence by knowledge or acquiescence; or the failure of the plaintiff to perform some duty it may have undertaken by virtue of its agreement—are all questions of fact that should be left to the jury.”
 

 And as stated in
 
 San Francisco Unified School Dist.
 
 v.
 
 California Building etc. Co.,
 
 162 Cal.App.2d 434 [328 P.2d 785], at page 449: “. . . Whether the school district should be precluded from recovery by reason of its conduct, that is, whether the conduct of the district helped to bring about the damage, is at least a question of fact and should have been left to the jury.”
 

 The instant appeal is upon the judgment roll and the court does not have the evidence before it. Therefore, in accordance with the well-settled rule, we must assume that the evidence supports the findings of the trial court that appellant negligently failed to supervise Pierce in the cutting and fell
 
 *269
 
 ing of said timber. Such a finding would preclude appellant’s right of indemnity and would support the judgment.
 

 The judgment is affirmed.
 

 Peek, P. J., and Pierce, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied August 22, 1962. Sehauer, J., was of the opinion that the petition should be granted.