[Civ. No. 29099. Second Dist., Div. Two. Apr. 28, 1966.]

PROGRESSIVE TRANSPORTATION COMPANY, Cross-complainant and Appellant, v. SOUTHERN CALIFORNIA GAS COMPANY et al., Cross-defendants and Respondents.

Harold Q. Longenecker for Cross-complainant and Appellant.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker for Cross-defendants and Respondents.

ROTH, P. J.—Virginia Gray, Mollie Bentley and Virginia Pratt, the wife and daughters respectively of Charles Gray, decedent, filed suit against appellant Progressive Transportation Company (Progressive) for the wrongful death of decedent.

The complaint alleges: ". . . on or about November 7, 1961 . . . [Progressive] so carelessly and negligently operated, maintained and controlled a certain crane, then and there under the direction of MARTIN KEEFER, an agent of [Progressive] that the same did cause the collapse and destruction of certain sections of a gas tank holder upon which [decedent] was standing.

"That as a result of said collapse, [decedent] fell approximately 90 feet to the concrete.

"That as a result of said collapse, [decedent] was killed."

Progressive answered asserting no negligence on its part and denying generally and specifically all pertinent allegations. The answer set forth the following defenses: that decedent was contributorily negligent; that Martin Keefer, Progressive's employee was at the time of the accident, the special employee of Mesnick & Dean (Mesnick), the employer of decedent, and that Mesnick's negligence caused decedent's death; and that pursuant to *Witt* v. *Jackson*, 57 Cal.2d 57 [17 Cal. Rptr. 369, 366 P.2d 641], any recovery by respondents against Progressive should be offset *pro tanto* by the amount already paid to respondents by Mesnick under the Workmen's Compensation Law.

Concurrently with its answer, Progressive cross-complained in separate causes of action against the Southern California Gas Company (Gas Co.) and Mesnick, respectively,[1] and

---

[1]Mesnick and Dean as sued in the cross-complaint, comprised John Doe Mesnick and John Doe Dean individually and as partners doing business as Mesnick & Dean and Mesnick and Dean, a California corporation. The allegation is ". . . decedent, . . . was a . . . employee of [Mesnicks], individually and as partners doing business under the name of Mesnick and Dean, Mesnick and Dean, a corporation, . . . and was acting in the course and scope of his . . . employment." The order of dismissal from which the appeal was taken grants the dismissal under provisions of section 581, subdivision 3, of the Code of Civil Procedure ". . . as to . . . Southern California Gas Company, . . . Rodney Dean, Jr., and Irving Mesnick, individually and as partners doing business as 'Mesnick & Dean Rigging and Salvage Company', . . . ."

The original cross-complaint became the first amended cross-complaint

against both in a third cause of action sounding in declaratory relief.

The cross-complaint incorporated the answer and in substance alleged that the Gas Co. owned the gas tank holder and the property upon which it was situated and that Gas Co. knew the conditions on the job site were such as to create unreasonable risk of bodily harm and negligently failed to take any precautions to provide those working on or about the job site with a safe place to work. Further, that Gas Co. had contracted with Mesnick to do the work of demolition and that Mesnick rented a crane and an operator, one Keefer, from Progressive, for use in dismantling and demolishing the gas tank holder. It was alleged further that Mesnick with full control and supervision of the job, the crane it had rented from Progressive and Keefer, the operator on the crane, proceeded to demolish and dismantle the gas tank holder. Allegations followed to the effect that both Mesnick and Gas Co. negligently caused the death of decedent by failing to take proper precaution for the employees of Mesnick.

The primary thrust of the cross-complaint is for indemnity against both cross-defendants.

In *Cahill Brothers, Inc.* v. *Clementina Co.*, 208 Cal.App.2d 367, at pp. 375-376 [25 Cal.Rptr. 301], Justice Molinari thoroughly reviewed and analyzed the law of implied indemnity as follows:

"The right to implied indemnity, while relatively recent in the law of California, is now well established [citations]. The distilled essence of these cases is that where each of two persons is made responsible by law to an injured party the one to whom the right of indemnity inures is entitled to shift the entire liability for the loss to the other party. Accordingly, a right of implied indemnification may arise as a result of contract or equitable considerations [citations]. It appears, at first blush, that the rationale of the cases which have considered the right of implied indemnity rests upon a difference between the primary and secondary liability of two persons

and we deal here only with the first amended cross-complaint. The first amended cross-complaint named one Roy Latiolait, an employee of Gas Co. as a defendant; it omitted Home Indemnity Company, Mesnick's Workmen's Compensation insurance carrier, which had been named in the original cross-complaint as a defendant. Although the amended cross-complaint states nothing as against the Home Indemnity Company, it was a party to the order of dismissal. No appeal was taken from the judgment of dismissal against Latiolait. Neither Mesnick & Dean, a corporation, nor Latiolait are before this court.

each of whom is made responsible by the law to an injured party. (*Alisal Sanitary Dist.* v. *Kennedy, supra,* 180 Cal.App. 2d 69, 75 [4 Cal.Rptr. 379]; *Pierce* v. *Turner, supra,* 205 Cal. App.2d 264, 268 [23 Cal.Rptr. 115]; *American Can Co.* v. *City & County of San Francisco, supra,* 202 Cal.App.2d 520, 525 [21 Cal.Rptr. 33]; *Builders Supply Co.* v. *McCabe,* 366 Pa. 322, 325-326 [77 A.2d 368].) A closer scrutiny discloses, however, that where the right of implied indemnity rests upon a *contractual* relationship between the person seeking and the one resisting indemnity it is not necessary or appropriate to apply the theories of primary or secondary liability [citations].''

In the recent case of *Goldman* v. *Ecco-Phoenix Electric Corp.,* 62 Cal.2d 40, the court says at page 44 [41 Cal.Rptr. 73, 396 P.2d 377]:

''In the area of *implied* indemnity one who 'personally participates in an affirmative act of negligence, or is physically connected with an act or omission by knowledge or acquiescence in it on his part, or fails to perform some duty in connection with the omission which he may have undertaken by virtue of his agreement' cannot obtain indemnification.''

Gas Co.'s demurrer to the cross-complaint was sustained without leave to amend. Mesnick's demurrer was sustained and Progressive declined to amend. Judgments of dismissal were thereupon entered in favor of Gas Co. and Mesnick. Progressive appeals from each judgment.

Progressive's action against the Gas Co. is not based on any contractual relationship. Progressive alleges in essence that it rented equipment to Mesnick which in turn had a contract with the Gas Co. to demolish the gas holder. Progressive's right of indemnity, if any, would necessarily rest on equitable considerations. The pleadings disclose no such equitable consideration. (See *American Can Co.* v. *City & County of San Francisco, supra,* at pp. 525-526.)

The original complaint is based solely on the negligence of Progressive's employee, Martin Keefer, in the operation of the crane. There is nothing to suggest that any negligence of the Gas Co. is imputed to Progressive. If Progressive's denial of negligence be true, or if Keefer was, as Progressive alleges, the special employee of Mesnick, then no liability would be incurred by Progressive and no indemnity would be necessary. If, however, Progressive is liable, it is because it is responsible for the negligence of Keefer. Gas Co. is at most a joint tort-

feasor. In either case, no cause of action for indemnity is stated against Gas Co.

Progressive relies on *Horn & Barker, Inc.* v. *Macco Corp.*, 228 Cal.App.2d 96, 102 [39 Cal.Rptr. 320], and *Vegetable Oil Products Co., Inc.* v. *Superior Court*, 213 Cal.App.2d 252, 256 [28 Cal.Rptr. 555]. Those cases[2] allow indemnity because of a breach of *contractual* duty. There is no such relationship with Gas Co. in the case at bench.

*Herrero* v. *Atkinson*, 227 Cal.App.2d 69 [38 Cal.Rptr. 490], cited by appellant, allowed a cross-complaint for equitable indemnity where cross-complainant's liability as the defendant in the main action was predicated solely on the rule of *Ash* v. *Mortensen*, 24 Cal.2d 654, 657 [150 P.2d 876]. *Ash* makes a defendant originally and primarily responsible for injuries to a plaintiff liable for the exacerbation of the injuries by the negligence of a physician to whom the plaintiff went for treatment. *Ash* states a unique rule of causation more analogous to imputed negligence than joint feasance. Under the facts of the *Herrero* case it was properly made the subject of implied indemnity. The case at bench, however, presents no facts or equitable consideration requiring the application of the *Herrero* decision to Gas Co.

The demurrer with respect to Gas Co. was properly sustained.

█ Progressive's claims for implied indemnity against Mesnick arise from a contractual relationship for the use of the crane and its operator, Keefer. Indemnity in such cases is governed by Labor Code, section 3864. That section provides: "If an action as provided in this chapter[3] prosecuted by the employee . . . against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."

---

[2]See also *San Francisco Unified School Dist.* v. *California Bldg. etc. Co.*, 162 Cal.App.2d 434 [328 P.2d 785]; *Montgomery Ward & Co.* v. *KPIX Westinghouse Broadcasting Co.*, 198 Cal.App.2d 759 [18 Cal. Rptr. 341]; *Cahill Brothers, Inc.* v. *Clementina Co.*, 208 Cal.App.2d 367 [25 Cal.Rptr. 301].

[3]Chapter 5 of division 4, part 1 of the Labor Code. Section 3852 of chapter 5, states in part: "The claim of an employee for [workmen's] compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer." (Footnote added.)

 There is no agreement pleaded as required by section 3864.

Since September 18, 1959, the effective date of the section, the right of indemnity has been barred in the absence of a written agreement. (*American Can Co.* v. *City & County of San Francisco, supra,* 202 Cal.App.2d at p. 524.)

We need not decide whether Progressive can join Mesnick and Dean for the purpose of establishing its concurrent negligence and reducing any judgment awarded by the amount of workmen's compensation paid. (*City of Sacramento* v. *Superior Court,* 205 Cal.App.2d 398, 405 [23 Cal.Rptr. 43]; cf. *Tate* v. *Superior Court,* 213 Cal.App.2d 238, 247-248 [28 Cal. Rptr. 548].) By eliminating all direct allegations on this issue in its amended cross-complaint, by eliminating Mesnick and Dean's insurance carrier as a cross-defendant, and by concessions made in its brief on this appeal, Progressive has clearly indicated its desire to restrict its cause of action on the cross-complaint to implied indemnity.

Since we have concluded that no such cause of action has been or can be stated, the demurrer of Mesnick and Dean was properly sustained.

The order of dismissal is affirmed as to Southern California Gas Company, Rodney Dean, Jr., and Irving Mesnick, individually and as partners doing business as Mesnick & Dean Rigging and Salvage Company, and the Home Indemnity Company.

Herndon, J., and Fleming, J., concurred.