[Civ. No. 22986. First Dist., Div. One. Feb. 14, 1967.]

SAN FRANCISCO EXAMINER DIVISION, HEARST PUBLISHING COMPANY, INC., Cross-complainant and Appellant, v. WILLIAM SWEAT et al., Cross-defendants and Respondents.

494

Bishop, Murray & Barry, Richard S. Bishop, Dinkelspiel & Dinkelspiel and Alan A. Daugherty for Cross-complainant and Appellant.

Kiernan & Misciagna and E. P. Kiernan for Cross-defendant and Respondent.

ELKINGTON, J.—San Francisco Examiner Division, Hearst Publishing Company, Inc. (Examiner), cross-complainant below, appeals from an order granting a motion for summary judgment and from the judgment entered thereupon in favor of William Sweat (Sweat) and Eldorado Insurance Exchange, respondents here and cross-defendants below.[1]

The uncontested facts may be briefly summarized. Sweat was engaged as a route manager for the Examiner, a daily

---

[1] The order granting a motion for summary judgment is a nonappealable order. (See 3 Witkin, Cal. Procedure (1954) Appeal, § 17, p. 2160, and authorities cited.) The appeal therefrom must be dismissed. (See *Rodriguez* v. *Barnett* (1959) 52 Cal.2d 154, 156 [338 P.2d 907].)

newspaper. In the course of his duties, which required him to distribute the Examiner's newspapers, he employed newsboys to whom he delivered bundles of papers. Sweat caused the newsboys to be covered by workmen's compensation insurance with respondent Eldorado Insurance Exchange as his insurance carrier.

The Examiner bundled some newspapers with heavy wire and, on the morning of September 5, 1960, delivered the papers to a point where they were picked up by Sweat. Some of these papers were subsequently delivered by Sweat to the home of one James Deal (Deal), a newsboy in the employ of Sweat. The wires binding the bundles of papers had been cut by Sweat and left with the papers at a dark place in Deal's driveway. In the early morning hours when Deal came to pick up his papers the severed wires could not be seen. As a result Deal was seriously injured when one of the loose wires struck him in the eye as he was attempting to lift a bundle of newspapers.

Deal recovered judgment against the Examiner in the net amount of $29,416.59 ($35,000 reduced by the amount of workmen's compensation paid) which judgment is now final and has been satisfied by the Examiner. The basis of recovery, as found by the court below in that action, was that Sweat was acting as agent of the Examiner and, as such, was acting within the course and scope of his employment in the circumstances of the injury to Deal; and that the Examiner was liable to Deal solely by virtue of the doctrine of *respondeat superior* and, thereunder, solely by virtue of the negligence of Sweat.

The Examiner by its cross-complaint unsuccessfully sought indemnity against Sweat in the amount of Deal's judgment. The court below denied the claim for indemnification on the basis that such recovery was barred by the provisions of Labor Code section 3864.

Labor Code section 3864 provides: "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."[2] The Examiner admittedly had no written agreement of indemnification with Sweat.

---

[2] All statutory references herein are to the Labor Code unless otherwise specified.

The sole issue before us is the applicability of section 3864 to the facts of the instant case.

The Examiner urges the principle that an employer (or principal or master) who is held to answer in damages for injury to another solely due to the acts of his employee (or agent or servant) may recover indemnity for such damages from said employee (or agent or servant). (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 428-429 [296 P.2d 801, 57 A.L.R.2d 914]; *Bradley* v. *Rosenthal* (1908) 154 Cal. 420, 423 [97 P. 875, 129 Am.St.Rep. 171]; *Popejoy* v. *Hannon* (1951) 37 Cal.2d 159, 173 [231 P.2d 484]; *Johnston* v. *City of San Fernando* (1939) 35 Cal.App.2d 244, 246 [95 P.2d 147]; *Reynolds* v. *Lerman* (1956) 138 Cal.App.2d 586, 595-596 [292 P.2d 559]; *Herrero* v. *Atkinson* (1964) 227 Cal. App.2d 69, 77 [38 Cal.Rptr. 490, 8 A.L.R.3d 629]; 1 Witkin, Summary of Cal. Law (1960) Agency, § 32, p. 411; Prosser, Torts, § 48, p. 279 (3d ed. 1964); 3 C.J.S., Agency, § 162, p. 46; Rest.2d Agency, § 401; Rest., Restitution, § 96.)

Considerable reliance is placed by the Examiner upon section 2865 which provides as follows: "An employee who is guilty of a culpable degree of negligence is liable to his employer for damage thereby caused to the employer. . . ." Presumably we are asked to apply the normal rules of statutory construction and construe section 2865 as creating an exception to section 3864. (See 45 Cal.Jur.2d, Statutes, § 121, p. 629.) Were it not for section 2700 this argument might have merit. This section, however, provides as follows: "The provisions of this division [including section 2865] shall not limit, change, or in any way qualify the provisions of Divisions 4 and 4.5 of this code [pertaining to workmen's compensation and including section 3864], . . ."

To counteract the implication of section 2700 Examiner urges that section 3864 was enacted solely to preclude indemnification based upon a theory of implied contract, and that its claim for recovery herein is based on equitable considerations having their foundation in tort.

What did the Legislature intend by the enactment in 1959 of Labor Code section 3864 (Stats. 1959, ch. 955, § 1, p. 2986)? We may briefly trace the history. In *San Francisco Unified School Dist.* v. *California Bldg. etc. Co.* (1958) 162 Cal.App.2d 434 [328 P.2d 785] the court construed a provision in a contract between a building maintenance firm and the school district as being either an express or an implied contract by the

maintenance company to indemnify the district, should it incur liability to the servants of the maintenance company. According to *City of Sacramento* v. *Superior Court* (1962) 205 Cal. App.2d 398, 405 [23 Cal.Rptr. 43] the Legislature met in the following year (1959) and passed section 3864, the effect of which was "to abolish 'the right of indemnity by the third person against the injured employee's employer on the theory of implied contract. . . .' " (Cited with approval in *Western Gulf Oil Co.* v. *Oilwell Service Co.* (1963) 219 Cal.App.2d 235, 241 [33 Cal.Rptr. 20]. See also *Rights of Indemnity as They Affect Liability Insurance*, 13 Hastings L.J. 212, 219-220, Note 29 (quoted in both the *Sacramento* and *Western Gulf* cases, *supra*); 37 State Bar J. 743, 745; Cal. Workmen's Compensation Practice (Cont. Ed. Bar 1963) § 19.3.)

█ The right to indemnity may arise from contract, either express or implied, or it may arise from the equities of a given situation. (See *Cahill Bros., Inc.* v. *Clementina Co.* (1962) 208 Cal.App.2d 367, 376 [25 Cal.Rptr. 301] and authorities cited.) █ The right of what may be termed equitable indemnity (see *City & County of San Francisco* v. *Ho Sing* (1958) 51 Cal.2d 127, 130 [330 P.2d 802]) enures to a person who, without active fault on his part, has been compelled by reason of some legal obligation to pay damages occasioned by the initial and active negligence of another. This involves the equitable considerations of primary and secondary liability, or, to put it differently, concepts of active and passive conduct. (*Cahill Bros., Inc.* v. *Clementina Co., supra,* 208 Cal.App.2d 367, 378-379, and authorities cited; cf. *Goldman* v. *Ecco-Phoenix Elec. Corp.* (1964) 62 Cal.2d 40, 44 [41 Cal. Rptr. 73, 396 P.2d 377]; *American Can Co.* v. *City & County of San Francisco* (1962) 202 Cal.App.2d 520, 523-526 [21 Cal. Rptr. 33]; *Herrero* v. *Atkinson, supra,* 227 Cal.App.2d 67, 77.)

█ By its plain language section 3864 precludes indemnity "in absence of a written agreement so to do executed prior to the injury." In order to recover in indemnity the third person must now rely on a written contract. (*Progressive Transp. Co.* v. *Southern California Gas Co.* (1966) 241 Cal. App.2d 738 [51 Cal.Rptr. 116]; *Vegetable Oil Products Co.* v. *Superior Court* (1963) 213 Cal.App.2d 252 [28 Cal.Rptr. 555]; *Western Gulf Oil Co.* v. *Oilwell Service Co.* (1963) 219 Cal.App.2d 235 [33 Cal.Rptr. 20]; *American Can Co.* v. *City & County of San Francisco, supra,* 202 Cal.App.2d 520.) The

statute makes no distinction as to the theory under which indemnity is sought and neither do we.

The Examiner makes a final argument, raised for the first time in its reply brief, that it cannot be a "third person" within the meaning and purview of section 3864.   ██   While it is settled that a point raised in the reply brief for the first time need not be considered, unless good reason is shown for failure to raise the issue before (*Duncanson-Harrelson Co.* v. *Travelers Indemnity Co.* (1962) 209 Cal.App.2d 62, 70 [25 Cal.Rptr. 718]; *Travelers Indem. Co.* v. *Colonial Ins. Co.* (1966) 242 Cal.App.2d 227, 242 [51 Cal.Rptr. 724]), we shall consider the point. The gist of Examiner's argument is that a "third person" must be one whom the employer can sue and that Sweat is in no position to sue the Examiner for his own negligence. Section 3852 lends a modicum of support to this argument by providing that the employer as well as the injured employee may bring an action against a third person tortfeasor. But that section provides that the employer *may* bring an action, it does not require that he *must* or that he *must be able* to bring an action against a third party.   ██   We conclude that the term third person, as employed in the workmen's compensation statutes, allude in chief to "third persons" vis-a-vis the injured employee and not of necessity or indispensably to "third persons" vis-a-vis the injured employee's employer. Unquestionably the Examiner was a "third person" as to the injured employee, Deal. Nor do we find this interpretation strained. It has been held that an injured employee may sue his employer's agent as a third person tortfeasor (*Wallace* v. *Pacific Electric Ry. Co.* (1930) 105 Cal. App. 664, 667-668 [288 P. 834]; cf. *Thompson* v. *Lacey* (1954) 42 Cal.2d 443, 445 [267 P.2d 1]). Likewise it has been held that the employee's right to recover against a third person is not affected by the fact that the "third person" is not a stranger but is one who has entered into a consensual relationship with the employer. (*Baugh* v. *Rogers* (1944) 24 Cal.2d 200, 214 [148 P.2d 633, 152 A.L.R. 1043].) We think the Examiner was properly held to be a third person within the meaning of section 3864.

To permit the Examiner to prevail here would be to circumvent both the express language of section 3864 and the basic policy of the workmen's compensation law. It would in effect permit an injured employee to pursue a tort remedy versus an employer against whom the exclusive remedy is workmen's

compensation. (Lab. Code, §§ 3601-3603; *Southern Cal. Gas Co.* v. *ABC Construction Co.* (1962) 204 Cal.App.2d 747, 753 [22 Cal.Rptr. 540]; cf. *Lamoreux* v. *San Diego etc. Ry. Co.* (1957) 48 Cal.2d 617, 624-625 [311 P.2d 1]; *Progressive Transp. Co.* v. *Southern California Gas Co., supra,* 241 Cal. App.2d 738, 741-743.)

The purported appeal from the nonappealable order granting a motion for summary judgment is dismissed and the judgment appealed from is affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 12, 1967.