[Civ. No. 41946. Second Dist., Div. Three. Feb. 28, 1974.]

MAJESTIC REALTY CO., Plaintiff and Appellant, v.
PACIFIC LIGHTING CORPORATION, Defendant and Respondent.

## COUNSEL

Lane, Hoag, Overholt & Bonaparte and Ronald H. Bonaparte for Plaintiff and Appellant.

John Ormasa and Lawrence H. Eisenberg for Defendant and Respondent.

## OPINION

**COBEY, J.**—Plaintiff, Majestic Realty Co., appeals from a judgment of dismissal (see Code Civ. Proc., § 581d), entered pursuant to Code of Civil Procedure section 581, subdivision 3, of its action against defendant, Pacific Lighting Corporation (PLC), following the sustaining without leave to amend of PLC's general demurrer to plaintiff's second amended complaint.

 Plaintiff contends that PLC's general demurrer should not have been sustained because it was a part of a joint general demurrer filed by both PLC and its co-defendant, Pacific Lighting Properties, Inc. (PLP), and the demurrer of PLP was overruled.[1]

We note initially that within the document the general demurrer of each defendant was stated in a separate paragraph. It has been frequently said in the cases and by commentators as well that a joint demurrer of two defendants must be overruled if the complaint is good against either of

---

[1] We consider only this sole contention raised by plaintiff in its opening brief. We have not considered the additional contention raised by plaintiff in its closing brief that PLC should be liable to it despite the statute of frauds. We disregard plaintiff's second contention because plaintiff has not shown good cause why the contention was not presented in its opening brief. (See *S.F. Examiner Division* v. *Sweat*, 248 Cal. App.2d 493, 498 [56 Cal.Rptr. 711]; *Duncanson-Harrelson Co.* v. *Travelers Indemnity Co.*, 209 Cal.App.2d 62, 70 [25 Cal.Rptr. 718].)

them. (See *Wise* v. *Southern Pacific Co.,* 223 Cal.App.2d 50, 76 [35 Cal. Rptr. 652].) But, as Witkin has pointed out, this rule should be limited to special demurrers since a defendant may raise at any time, and presumably in any appropriate way, the fundamental and fatal defect that a plaintiff has not stated in his complaint facts sufficient to constitute a cause of action against that defendant. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 811, p. 2421.) We so limit this rule.

The judgment of dismissal is affirmed.

Allport, Acting P. J., and Loring, J.,* concurred.

*Assigned by the Chairman of the Judicial Council.