[Civ. No. 2785. Fifth Dist. Mar. 26, 1976.]

E. B. WILLS COMPANY, INC., Petitioner, v.
THE SUPERIOR COURT OF MERCED COUNTY, Respondent;
CALIFORNIA CANNERS AND GROWERS et al.,
Real Parties in Interest

**COUNSEL**

Hanna, Brophy, MacLean, McAleer & Jensen and Michael G. Lowe for Petitioner.

No appearance for Respondent.

McCormick, Barstow, Sheppard, Coyle & Wayte, Dudley W. Sheppard, Michael G. Woods and James P. Wagoner for Real Parties in Interest.

## OPINION

**GARGANO, J.** This proceeding presents a single issue: Under the comparative negligence doctrine adopted by the California Supreme Court in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226], may a defendant in an action for personal injuries instituted by an injured employee obtain contribution from the plaintiff's employer for that portion of the damages awarded to the employee which is in direct proportion to the amount of the employer's negligence?

Petitioner is the employer of Fred O. Bethel who was injured in the course and scope of his employment. Real parties are defendants in Merced County Superior Court action No. 41685 which was instituted by Bethel to recover damages for his personal injuries; his complaint alleged that the injuries were caused by the negligence of real parties.

Petitioner has petitioned this court for a writ of mandate to compel the Merced County Superior Court to vacate its order overruling petitioner's. demurrer to real parties' cross-complaint and to sustain petitioner's demurrer without leave to amend; the cross-complaint named petitioner as cross-defendant and alleged, in substance, that petitioner's negligence caused or contributed to Bethel's injury and that if the employee were to recover a judgment against real parties, then real parties would be entitled to contribution from petitioner in direct proportion to petitioner's relative amount of negligence.

Because real parties' cross-complaint is predicated upon the theory that real parties are entitled to contribution from petitioner under the comparative negligence doctrine recently adopted by the California Supreme Court in *Li* v. *Yellow Cab Co., supra,* 13 Cal.3d 804, we issued an order to show cause.[1]

In defense of the trial court's order overruling petitioner's demurrer, real parties do not assert that the adoption of the comparative negligence doctrine by judicial fiat impels the conclusion that where there are joint or concurrent or successive tortfeasors, each wrongdoer is liable to the injured plaintiff only in proportion to his own negligence. (See Schwartz,

---

[1] Real parties' amended cross-complaint makes it clear that, in furtherance of the purposes and objectives of *Li* v. *Yellow Cab Co., supra,* 13 Cal.3d 804, they are seeking contribution from petitioner in direct proportion to the amount of petitioner's negligence and that they are not seeking, under the rule of *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], to join petitioner by cross-complaint for the purpose of reducing any judgment awarded by the amount of workers' compensation benefits paid.

Comparative Negligence (1974) Multiple Parties, § 16.4, p. 253; 57 Am.Jur.2d (1971) Negligence, § 435, p. 860.) ■ In California, multiple tortfeasors are jointly and severally liable for the entire judgment, and real parties do not claim that the *Li* decision has abrogated this rule. (See 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 35, p. 2333; 14 Cal.Jur.3d (1974) Contribution and Indemnification, § 73, pp. 740-743.) Nor do real parties suggest that the present statutory right of contribution among joint tortfeasors (Code Civ. Proc., §§ 875-880) is helpful to their position. ■ Under the California statute, the right of contribution among joint tortfeasors is contingent upon the entry of a judgment against them, and the right may be enforced only after one tortfeasor, by payment, has discharged the joint judgment or has paid more than his pro rata share thereof (Code Civ. Proc., § 875, subds. (a) and (c)); even then, contribution is prorated according to the number of judgment debtors, not in proportion to the amount of negligence of each tortfeasor. (Code Civ. Proc., § 876.)

What real parties seem to be arguing is that the pure comparative negligence doctrine adopted by the California Supreme Court in *Li* gave birth to a new right of contribution between joint tortfeasors and that this right of contribution is based upon equitable principles. They then conclude that the trial judges of this state may implement these equitable principles by allowing a defendant in a personal injury action to bring a joint tortfeasor into the action by way of cross-complaint so that contribution between all wrongdoers may be effectuated in proportion to their respective amounts of negligence. Real parties further conclude that this is true even though the joint wrongdoer is the employer of a plaintiff who was injured in the course and scope of his employment and whose injury is compensable under the workers' compensation law of this state.[2]

Prior to 1959, an employer of an employee, injured as the result of the joint negligence of the employer and a third party, was subject to the doctrine of implied indemnity and, like any other joint tortfeasor, was required to indemnify the third party for any judgment recovered by the

---

[2]For this proposition, real parties rely upon the Supreme Court's directive in *Li* to trial judges; the court, quoting from *Hoffman* v. *Jones* (Fla. 1973) 280 So.2d 431, 439-440, stated: " 'We feel the trial judges of this State are capable of applying [a] comparative negligence rule without our setting guidelines in anticipation of expected problems. The problems are more appropriately resolved at the trial level in a practical manner instead of a theoretical solution at the appellate level. The trial judges are granted broad discretion in adopting such procedures as may accomplish the objectives and purposes expressed in this opinion.' " (*Supra*, 13 Cal.3d at pp. 826-827.)

employee against the third party when the negligence of the employer was active and the negligence of the third party was passive. (See, e.g. *Aerojet General Corp.* v. *D. Zelinsky & Sons* (1967) 249 Cal.App.2d 604, 607 [57 Cal.Rptr. 701]; *S. F. Unified Sch. Dist.* v. *Cal. Bldg. etc. Co.* (1958) 162 Cal.App.2d 434, 440, 443-444 [328 P.2d 785].) However, in 1959 the California Legislature, to eliminate the dual insurance burden imposed upon the employers of this state by the workers' compensation law and the implied indemnity doctrine, enacted section 3864 of the California Labor Code. (*Val's Painting & Drywall, Inc.* v. *Allstate Ins. Co.* (1975) 53 Cal.App.3d 576, 584 [126 Cal.Rptr. 267]; *Pacific Gas & Elec. Co.* v. *Morse* (1970) 6 Cal.App.3d 707, 713 [86 Cal.Rptr. 7].) ▮ Under this section the employer of an employee who is injured as the result of the joint negligence of the employer and a third party is no longer required to indemnify the third party in the absence of an express indemnification agreement. (*Aerojet General Corp.* v. *D. Zelinsky & Sons, supra,* 249 Cal.App.2d 604, 608; *S. F. Examiner Division* v. *Sweat* (1967) 248 Cal.App.2d 493, 497 [56 Cal.Rptr. 711]; *Progressive Trans. Co.* v. *Southern California Gas Co.* (1966) 241 Cal.App.2d 738, 742-743 [51 Cal.Rptr. 116]; *Western Gulf Oil Co.* v. *Oilwell Service Co.* (1963) 219 Cal.App.2d 235, 241 [33 Cal.Rptr. 20].) As the appellate court explained in *City of Sacramento* v. *Superior Court* (1962) 205 Cal.App.2d 398, 405 [23 Cal.Rptr. 43]: ". . . the Legislature met in 1959 and it is the theory of the authors of the article quoted above [Conley & Sayre, *Rights of Indemnity* (1961) 13 Hastings L.J. 214, 219-220, fn. 29] that 'The California legislature felt that this double burden placed upon the employer was in contravention of the exclusive remedy theory of the [workers'] compensation statutes' and that the 1959 addition to the Labor Code under discussion was the result and that its effect was only to abolish 'the right of indemnity by the third person against the injured employee's employer on the theory of implied contract. In order to recover in indemnity the third party must now rely on an *express* contract. . . .' We join in this belief."[3]

The superior court erred in overruling petitioner's demurrer to real parties' cross-complaint. By insulating an employer against liability under the equitable doctrine of implied indemnity, section 3864 fully embraces the "exclusive remedy" concept visualized by the workers'

---

[3]Citing with approval section 3864 of the Labor Code and *City of Sacramento* v. *Superior Court, supra,* 205 Cal.App.2d 398, 404-405, the California Supreme Court, in *De Cruz* v. *Reid* (1968) 69 Cal.2d 217, 226, footnote 6 [70 Cal.Rptr. 550, 444 P.2d 342], said: ". . . the third party has no right of contribution against a concurrently negligent employer under Code of Civil Procedure sections 875-880."

compensation law of this state. Clearly, if the section precludes a third party tortfeasor from seeking indemnification from an injured employee's employer even though the employer's negligence was active and the third party's passive, a fortiori, the statute also precludes a third party wrongdoer from seeking contribution from the employer under the comparative negligence doctrine. If we were to hold that the comparative negligence doctrine makes it possible for a third party wrongdoer to seek contribution from an injured plaintiff's employer in proportion to the employer's relative amount of negligence, as real parties maintain, we not only would restore the pre-1959 dual insurance burden the Legislature sought to eliminate but we would increase, substantially, the perimeters of that burden; the third party could obtain contribution from the employer even when the third party was actively negligent. We do not believe that the *Li* court intended to thwart the statutory scheme established by section 3864 or to usurp the legislative function in a specialized field when it directed trial judges of this state to adopt the procedures needed to implement its decision.

Real parties' reliance on *Dole* v. *Dow Chemical Company* (1972) 30 N.Y.2d 143 [331 N.Y.S.2d 382, 282 N.E.2d 288, 53 A.L.R.3d 175], is misplaced. When that case was decided, the State of New York did not have a statute comparable to section 3864 of the California Labor Code; New York's workers' compensation law, therefore, was not a barrier to the third party tortfeasor's action for contribution as is true in this case.

We limit the scope of this opinion to the effect section 3864 of the Labor Code has on the right of contribution between joint tortfeasors where one of the joint tortfeasors is the employer of the injured plaintiff. We do not reach in this proceeding the many other complicated issues real parties would have us answer pertaining to the administration of a rule of pure comparative negligence in cases involving multiple parties. The parties have not briefed these issues, and we are not faced with them at this time.[4]

Let a writ of mandate issue, commanding respondent court, in action No. 41685, to vacate its order overruling petitioner's demurrer to real

---

[4]For excellent discussions of these issues, see Schwartz, Comparative Negligence (1974) Multiple Parties, chapter 16, commencing at page 247; and Braun, *Contribution: A Fresh Look* (1975) 50 State Bar J. commencing at page 166; and see generally Boone, *Comparative Negligence: Solution or Problem?* (1975) 14 Cal. Trial Law.J. commencing at page 17.

parties' cross-complaint and to sustain petitioner's demurrer without leave to amend.

Brown (G. A.), P. J., and Franson, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied May 19, 1976.