## Schwarzl v. Philadelphia Gas Works

*John R. Padova*, for defendant.
*Michael Saltzburg*, for additional defendant.

FORER, *J.*, December 24, 1980—In an action under the Pennsylvania comparative negligence act,[1] 42 Pa.C.S.A. §7102, defendant filed a complaint against plaintiff's employer. The employer's preliminary objections assert that the 1974 amendment to The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended December 5, 1974, P.L. 782, 77 P.S. §481(b), bars joinder of the additional defendant.

No Pennsylvania appellate court has ruled on this question. The Court of Common Pleas of Lebanon County in a recent case held that an employer may be joined as an additional defendant for the purpose of determining the percentage of causal negligence among all the defendants: Yeagley v. Metropolitan Edison Co., 16 D. & C. 3d 681 (1980). The United

---

1. The pertinent section as to joint liability reads as follows:

"§7102. Comparative negligence

"(a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

"(b) Recovery against joint defendant; contribution.— Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against·whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution."

States District Court for the Eastern District of Pennsylvania faced with the same question, basing its decision on Pennsylvania law, reached the contrary conclusion: Lawless v. Central Engineering Co., 502 F.Supp. 308 (E.D. Pa. 1980).

Until 1974 Pennsylvania followed the minority view permitting joinder of plaintiff's employer as an additional defendant in an action brought by an employe against a third person defendant for damages resulting from work related injuries. However, the third party action for contribution was limited to the amount of liability to which the employer would be exposed under the Workmen's Compensation Act, 77 P.S. §1 et seq.: John W. Brown, Jr. Equipment Rental Corp. v. Dickey, 397 Pa. 454, 155 A. 2d 836 (1959); Socha v. Metz, 385 Pa. 632, 123 A. 2d 837 (1956); Maio v. Fahs, 339 Pa. 180, 14 A. 2d 105 (1940).

In 1974 The Pennsylvania Workmen's Compensation Act was amended (section 303, 77 P.S. §481),[2] expressly eliminating the employer's liabil-

---

2. The Act, 77 P.S. §481, provides the following:

"Exclusiveness of remedy; actions by and against third party; contract indemnifying third party

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their

ity for any amount of contribution in the absence of a written agreement. In Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 370, 372 A. 2d 869, 870-871 (1977), the Superior Court reviewed the legislative history of the amendment and held that section 481(b), "grants the employer-appellant immunity from suit and bars its joinder as an additional defendant. . . ." The Report of State Workmen's Compensation Laws (July, 1972) recommended R. 2.18 and R. 2.19 granting employers immunity from negligence actions. From 1972 to 1974 the Pennsylvania legislature undertook a thorough revision of the Workmen's Compensation Act to bring it into compliance with the National Commission report. The amendments both increased benefits payable to employes by employers and barred common law liability of employers thus making the act a complete substitute for, not a supplement to, common law tort actions.

Recently, the Pennsylvania Supreme Court, relying on Hefferin v. Stempkowski, supra, held that section 481(b) does not violate either the Pennsylvania Constitution or the United States Constitution: Tsarnas v. Jones & Laughlin Steel Corp., 488 Pa. 513, 412 A. 2d 1094 (1980). However, both the Hefferin and Tsarnas cases involved actions under the doctrine of contributory negligence rather than under the Pennsylvania comparative negligence act.

---

request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." As amended December 5, 1974, P.L. 782, sec. 6, effective in 60 days.

The cause of action in the instant case accrued in February, 1979 and, therefore, must be decided under the Pennsylvania comparative negligence act.

Both the Yeagley and Lawless opinions have merit. Under the comparative negligence act, a defendant's liability is limited to the percentage of his negligence. In order for the jury to make an informed judgment on this issue, all persons or corporations alleged to be responsible should be joined as parties. However, Pennsylvania courts have consistently interpreted 77 P.S. §481(b) as an absolute bar to the joinder of an employer in a third party action: Tsarnas v. Jones & Laughlin Steel Corp., supra; Eisel v. U.S. Slicing Machine Co., 488 Pa.. 192, 412 A. 2d 138 (1980); Arnold v. Borbonus, 257 Pa. Superior Ct. 110, 390 A. 2d 271 (1978); Hefferin v. Stempkowski, supra.

The Statutory Construction Act of 1972, 1 Pa.C.S.A. §1933, mandates that two statutes shall be construed together so that, if possible, effect may be given to both. The comparative negligence act is an act of general application covering all claims whether by employes or non-employes. It permits contribution where recovery is allowed against more than one defendant. The Workmen's Compensation Act, by contrast, is a specific, limited statute designed to benefit injured employes and at the same time limit the liability of the employer: Burke v. Duquesne Light Co., 231 Pa. Superior Ct. 412, 332 A. 2d 544 (1974). There is no fundamental conflict between them. It is a long accepted principle that the specific shall prevail over the general: Paxon Maymar, Inc. v. Pa. Liquor Control Bd., 11 Pa. Commonwealth Ct. 136, 312 A. 2d 115 (1973); First National Bank, Altoona v. Brown, 27

D. & C. 2d 569 (1961). Not only precedent and principles of statutory construction but also logic impels the conclusion that the employer should not be joined as a defendant.

To join a party who cannot be legally responsible all too often results in a pro forma appearance in which liability is not seriously contested. Thus, the jury is misled into concluding that such party should bear the greater share of responsibility.

In addition, the overwhelming majority of jurisdictions have held that employers cannot be joined as additional defendants on the theory that workmen's compensation provides an exclusive remedy and, therefore, insulates employers from any other type of tort liability.

California and Texas, both having statutes similar to section 481(b) and comparative negligence laws, have ruled upon this precise question. Both have held that the employer may not be joined as an additional defendant: E. B. Wills Co. v. Superior Court of Merced County, 56 Cal.App. 3d 650, 128 Cal. Rptr. 541 (1976); General Elevator Corp. v. Champion Papers, 590 S.W. 2d 763 (Tex. Civ. App. 1979). Diligent research has failed to disclose decisions of any other state to the contrary.

Preliminary objections of Wallace Leisure Products, Inc. are sustained and the complaint of defendant Philadelphia Gas Works against additional defendant Wallace Leisure Products, Inc., is dismissed.