[Civ. No. 9449.   Third Dist.   June 2, 1959.]

CHARLES DE LA FOREST et al., Appellants, v. FRED C. YANDLE et al., Respondents.

George F. Jansen for Appellants.

Augustus Castro and Frank W. Finn for Respondents.

VAN DYKE, P. J.—This appeal is from a judgment in favor of respondents following an order sustaining a demurrer without leave to amend. Accepting the allegations of the complaint as true, the facts may be stated as follows:

Plaintiff-appellant De La Forest was the operator of a truck repair shop. Plaintiff-appellant Mast Lumber Company owned and operated a truck and trailer. The middle axle of the trailer had become so worn as to require repair. Mast employed De La Forest to repair the axle and he sublet the work of rebuilding and resurfacing the axle to Temple, a welder, and to Yandle, a machinist, both of whom, in the operation of their respective businesses, held themselves out as qualified, equipped, skilled and expert in their crafts. When they had finished welding and machining the axle they returned it to De La Forest as completed and ready for use. Justifiably relying upon their having done their work properly, De La Forest and Mast, without first inspecting the axle, installed it in Mast's trailer. The work of respondents was negligently done and the axle was unsafe for use. Mast used the trailer on the highways and during such use the axle, due to the negligent repair, failed at or near the point where defendants had welded and machined it, with the result that two wheels came off, crossed the highway and struck an automobile being operated by Donald Urban, proximately causing his death. The widow and minor child of Urban filed suit against Mast and De La Forest alleging that the death of Urban had been proximately caused by the carelessness and negligence of Mast and De La Forest "in the driving, operating, ownership, sale, manufacture, repair, inspection, control and maintenance of said trailer." These two demanded that Temple and Yandle indemnify and hold them harmless from loss resulting by reason of the death of Urban and the suit by his widow and child; and also demanded that they defend the action. This Temple and Yandle refused to do. Thereupon Mast and De La Forest, in good faith, compromised the Urban action, taking releases in favor of all persons. The amount of the settlement was $45,000 as against a demand in excess of $100,000 and was reasonable.

The complaint states a cause of action. We quote the following from Restatement of Restitution, section 93:

"(1) Where a person has supplied to another a chattel

which because of the supplier's negligence or other fault is dangerously defective for the use for which it is supplied and both have become liable in tort to a third person injured by such use, the supplier is under a duty to indemnify the other for expenditures properly made in discharge of the claim of the third person, if the other used or disposed of the chattel in reliance upon the supplier's care and if, as between the two, such reliance was justifiable.

"(2) The rule stated in Subsection (1) applies where a person has negligently made repairs or improvements upon the land or chattels of another whereby both become liable in tort to a third person." (See also Prosser, Law of Torts, 2d ed. 1955, p. 250.)

According to the complaint, the death of Urban was attributable to respondents' negligent repair of the axle, to its installation without inspection by De La Forest and Mast and to its use without inspection by Mast. As to the plaintiffs in the Urban action all four parties to this action were concurrent tort feasors. Each was directly liable for his own wrong and each could be held liable for the entire damage suffered. (*Peters* v. *City & County of San Francisco*, 41 Cal. 2d 419, 429 [260 P.2d 55] ; *City & County of San Francisco* v. *Ho Sing*, 51 Cal.2d 127, 130 [330 P.2d 802].) In this case all parties hereto were engaged in activities dealing with a subject capable of injury to the public if their duties with respect thereto were not properly performed. Use of a defective axle on a trailer traveling the public highways would be dangerous and could reasonably be foreseen as likely to cause injury to other users of the highway. Respondents were bound to use commensurate care in repairing the axle. De La Forest was charged with the duty of inspecting their work before installing the axle on the Mast trailer and Mast was charged with the duty of inspecting the axle before reinstallation and use. Nevertheless, according to the allegations of the complaint, appellants reasonably relied upon the care of respondents and such reliance was justified. Under the circumstances appellants are entitled to indemnity.

The common-law rule of noncontribution between joint tort feasors is subject to the exception that where the injury to the third party arose from a violation of a contractual duty owed by one tort feasor to the other, the latter may recover from the former. It is stated in *San Francisco Unified School*

*District* v. *California Bldg. etc. Co.*, 162 Cal.App.2d 434, 446 [328 P.2d 785] :

". . . 'In all cases where one party creates the condition which causes the injury, and the other does not join therein, but is exposed to liability, and suffers damages on account of it, the rule that one of two joint tort-feasors cannot maintain an action against the other for indemnity does not apply.' "

Respondents contend that the cause of action relied upon by appellants is barred by the statute of limitations. The contention is without merit. The right to indemnity did not arise until the compromise had been perfect and appellants had obtained the release of all the tort feasors. According to the complaint that occurred on May 6, 1955, and this action was begun April 9, 1956, less than a year after the accrual of the cause of action. The action therefore was not barred by any statute of limitations pleaded.

For the reasons given the judgment is reversed.

Peek, J., and Schottky, J., concurred.