[Civ. No. 19918. First Dist., Div. Three. Jan. 5, 1962.]

MONTGOMERY WARD AND COMPANY, Plaintiff and Appellant, v. KPIX WESTINGHOUSE BROADCASTING COMPANY, INC. (CAL.), Defendant and Respondent.

Hagar, Crosby & Rosson and Justin M. Roach, Jr., for Plaintiff and Appellant.

Pelton, Gunther, Durney & Gudmundson and Harold Albert Stone for Defendant and Respondent.

SALSMAN, J.—The trial court sustained a general demurrer to the appellant's first amended complaint; the appellant declined to amend further, and appeals from the judgment thereafter entered.

The first amended complaint alleged that the defendant, pursuant to a written agreement, originated a telecast from plaintiff's premises; that defendant had the exclusive control and supervision of technicians, employees and equipment in connection with the telecast; that, the defendant having exclusive control and supervision, had the accompanying duty and obligation to perform all of the work in a safe and careful manner; to supervise the work of its personnel and to provide a safe place for its employees to work, and to indemnify plaintiff for any loss caused by defendant's negligence in performing these duties; that one Carson, an employee of the defendant, was injured while performing work in connection with the telecast on plaintiff's premises; that at the time of the injury to Carson, the latter was under the exclusive supervision and direction of the defendant and defendant's employees, and was in the course and scope of his employment; that plaintiff had no authority to control Carson and had no knowledge of where Carson was working, and plaintiff's permission was not requested or given to defendant or its employees for Carson to be working in the area where the injury occurred; that defendant's employee Carson filed suit against plaintiff seeking damages for his injuries, and naming plaintiff herein as a defendant in said suit; that plaintiff demanded of the defendant in this action that Carson's claim be settled; that defendant failed to settle said claim and thereafter plaintiff, by negotiation, made a reasonable settlement with Carson in the sum of $3,250; that in effecting the settlement and in defense of Carson's action, plaintiff expended the further sum of $3,390.87; that the injuries to Carson were proximately caused by defendant's negligence in failing to supervise Carson in a safe and careful manner and to provide a safe place for Carson to work; that Carson's injuries were not caused by any negligence on the part of the plaintiff; that defendant has the duty to indemnify

plaintiff for the full amount of the settlement and costs; that defendant has refused to indemnify the plaintiff, and plaintiff demands damages for the amount of the settlement and costs.

The complaint states a cause of action. It is based on a theory of implied indemnity, and arises out of the relationship of the parties, their agreement, and the alleged negligent conduct on the part of the defendant, as set forth in the pleading.

A cause of action of this nature was recognized and validated by Justice Peters, speaking for Division One of this court in *San Francisco Unified School Dist.* v. *California Bldg. etc. Co.*, 162 Cal.App.2d 434 [328 P.2d 785]. In that case, the defendant had contracted with the plaintiff school district to wash the windows of certain schools in the city. The agreement provided that: "In all schools that have Hauser window sashes, stepladders must be used from inside," and "All windows broken by cleaners are to be replaced at the expense of the Contractor, and the Contractor is held responsible for payment of any and all damages resulting from his operations." An employee of the maintenance company was injured while washing a Hauser type window. At the time of the accident the maintenance company was not following the procedures set forth in the contract for cleaning a Hauser window. The injured employee sued the school district on the ground that it had not provided him with a safe place to work. He recovered a judgment, and the judgment was satisfied. Thereafter the school district sued the maintenance company for indemnity. In reviewing the language of the contract between the school district and the maintenance company the court stated: "Even if this did not amount to an express contract to indemnify the school district for damages caused to it by a breach of the contract by the maintenance company, such a warranty or agreement to indemnify would necessarily be implied. Whether the school district should be precluded from recovery by reason of its conduct, that is, whether the conduct of the district helped to bring about the damage, is at least a question of fact and should have been left to the jury."

Persuasive authority for the decision in the *San Francisco Unified School District* case was found in *Baugh* v. *Rogers,* 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043]; *Ryan Stevedoring Co.* v. *Pan-Atlantic Corp.*, 350 U.S. 124 [76 S.Ct. 232, 100 L.Ed. 133], and *Weyerhaeuser S.S. Co.* v. *Nacirema Co.,* 355 U.S. 563 [78 S.Ct. 438, 2 L.Ed.2d 491]. In the *Ryan* case

a ship owner was required to pay damages to a stevedore injured in the course of his employment. The ship owner was negligent in failing to supply the stevedore with a safe place to work. The stevedoring company had a contract with the ship owner. It was negligent in the stowage of the cargo. The ship owner sought reimbursement from the stevedoring company. The court stated the problem as follows: "The first question is whether the Longshoremen's Compensation Act precludes the assertion by a ship-owner of a stevedoring contractor's liability to it, where the contractor is also the employer of the injured longshoreman." By a divided court it was held that it did not. "The rationale of the majority opinion is that the Compensation Act provides the exclusive remedy of the employee against his employer, but in no way affects the rights of third persons against the employer. The act gives the employee the right to sue third persons, but in nowise limits the rights of third persons to contract with an insurance company or the employer to indemnify the third person in case he is held liable." (*San Francisco Unified School Dist.* v. *California Bldg. etc. Co.*, 162 Cal.App.2d 434 at 442 [328 P.2d 785].)

The *Ryan Stevedoring Co.* case was decided by a divided court, but the *Weyerhaeuser* case which followed was decided by a unanimous court, and the decision was written by one of the judges who had dissented in the *Ryan* case.

 Although the right to implied indemnity is relatively recent in the law of California, it is now established. While it had been suggested in earlier cases, its first clear recognition came in the *San Francisco Unified School Dist.* case. Later cases, however, are in accord. In *Alisal Sanitary Dist.* v. *Kennedy*, 180 Cal.App.2d 69 [4 Cal.Rptr. 379], the court said: "Such an obligation [to perform work in a safe manner] carries with it an implied agreement to indemnify and to discharge foreseeable damages resulting to the plaintiff from the defendants' negligent performance." (*De La Forest* v. *Yandle*, 171 Cal.App.2d 59 [340 P.2d 52]; and see also *Witt* v. *Jackson*, 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641].)

The judgment is reversed.

Draper, P. J., and Devine, J., concurred.