[Civ. No. 31781.   Second Dist., Div. Five.   July 30, 1968.]

GENERAL BREWING CORPORATION, Cross-complainant and Appellant, v. P. LEMON CLARK et al., Cross-defendants and Respondents.

Schell & Delamer and Thomas J. Kelley, Jr., for Cross-complainant and Appellant.

Hara & Mordkin and Arnold P. Mordkin for Cross-defendants and Respondents.

KAUS, P. J.—On January 31, 1964, there was a collision between a truck owned by General Brewing Corporation ("General") and an automobile occupied by Mr. and Mrs. Andrew G. Krumm. On January 5, 1965, the Krumms filed an action for personal injuries and property damage against General. General answered on February 4, 1965.

In December 1965 General learned that Mrs. Krumm claimed that certain of her injuries were the result of negligent treatment which she received at the hands of the Gallatin Medical Group ("Gallatin") on February 2, 1964. Gallatin is a partnership composed of Doctors Clark, Paugh and Mullin.

On January 15, 1966, General filed a cross-complaint against Gallatin, in which it sought indemnity for that portion of any judgment in Mrs. Krumm's favor which would be attributable to the negligent treatment by Gallatin.[1] Gallatin demurred on the ground that the cross-complaint was barred by the one-year statute of limitations applicable to actions for personal injuries. (Code Civ. Proc., § 340, subd. 3.) The demurrer was sustained. General attempted to amend, but again a general demurrer urging the statute of limitations was sustained, this time without leave to amend. General appeals.

Whatever ailed General's cause of action was not a problem of old age. The only attack on the cross-complaint which is plausible—though erroneous—would be that it is premature, not that the cause of action it pleads is outlawed.[2] The problem is when the cause of action for indemnity matures, not whether, at maturity, it is then governed by the one-year provision of the statute of limitations, or by a longer period. As thus posed, the issue was settled against Gallatin in *De La Forest* v. *Yandle,* 171 Cal.App.2d 59, 62 [340 P.2d 52]. That case was followed in *Vegetable Oil Products Co.* v. *Superior*

---

[1]The right to indemnity, under circumstances such as presented by the cross-complaint, was recognized in *Herrero* v. *Atkinson,* 227 Cal.App.2d 69 [38 Cal.Rptr. 490, 8 A.L.R.3d 629].

[2]That the cross-complaint is not premature was settled long ago in such cases as *County of Humboldt* v. *Kay,* 57 Cal.App.2d 115 [134 P.2d 501]; and *Sattinger* v. *Newbauer,* 123 Cal.App.2d 365 [266 P.2d 586].

*Court,* 213 Cal.App.2d 252 [28 Cal.Rptr. 555] ; and again in *Aerojet General Corp.* v. *D. Zelinsky & Sons,* 249 Cal.App.2d 604, 612 [57 Cal.Rptr. 701]. The reason for the rule is carefully explained in *Vegetable Oil Products Co.* ▮ It is but an application of the general principle, stated in 54 C.J.S. "Limitations of Actions" section 141, page 68, to be of general applicability, that " [w]here a person or corporation is by law primarily liable for the negligence, misfeasance, or malfeasance of another, the former's right to recover indemnity or reimbursement from the latter does not accrue, and the statute of limitations does not begin to run, until the former's liability has become finally fixed and ascertained, for the gist of such an action is the damage sustained by the person or corporation primarily liable. . . ."

The judgment of dismissal is reversed.

Stephens, J., and Moor, J. pro tem.,* concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 25, 1968.

---

*Assigned by the Chairman of the Judicial Council.