[Civ. No. 65838. Second Dist., Div. Five. Sept. 22, 1983.]

SOUTHERN PACIFIC TRANSPORTATION COMPANY,
Plaintiff and Appellant, v.
OHBAYASHI AMERICA CORPORATION et al.,
Defendants and Respondents.

**COUNSEL**

William E. Still, David Kyle, S. Dwayne Chasteen and Stephen W. Travers for Plaintiff and Appellant.

Clinnin, Siracuse & Belcher, Richard Salcido, Shelden, Kulchin & Klein, Deborah S. Taggart and Robert William Speer for Defendants and Respondents.

**OPINION**

**FEINERMAN, P. J.**—Plaintiff appeals from an order of dismissal entered after defendants' demurrers to its first amended complaint were sustained without leave to amend. In sustaining the defendants' demurrers, the trial court ruled that plaintiff's complaint was barred by the one-year statute of limitations applicable to actions "for injury to or for the death of one caused by the wrongful act or neglect of another." (Code Civ. Proc., § 340, subd. (3).)

In its first amended complaint, plaintiff alleged that on January 8, 1979, John Lovett, an employee of plaintiff, was working as a switchman in plaintiff's railroad yard at Los Angeles, California. It is alleged that defendants negligently put cement on the railroad track which interfered with the movement of the train on which John Lovett was riding. As a consequence, John Lovett was knocked off the side of the boxcar to the ground, causing him to be severely injured. John Lovett was employed by plaintiff in furtherance of interstate commerce by rail and was covered by the Federal Employer's Liability Act (F.E.L.A.). It was alleged that "As a proximate result of the negligence of defendants, and each of them, in causing injury to John Lovett while he was employed by Southern Pacific Transportation Company, plaintiff did pay on or about September 13, 1979 the reasonable sum of $10,852.65 as and for medical payments and in settlement of the claim for personal injury of John Lovett . . . ."

The injury to John Lovett occurred on January 8, 1979. Plaintiff settled Lovett's F.E.L.A. claim on September 13, 1979, and filed its complaint on August 6, 1980—more than a year from the date of injury, but within a year of the date of settlement. In ruling that plaintiff's complaint was barred by the one-year statute of limitations, the trial court concluded that the applicable statute commenced to run on the day plaintiff's employee was injured. In so ruling, the trial court relied on *County of San Diego v. Sanfax Corp.* (1977) 19 Cal.3d 862 [140 Cal.Rptr. 638, 568 P.2d 363], a case involving an employer's suit against a third party to collect workers' compensation benefits paid to an injured employee. Plaintiff contends its suit was not based on subrogation—as was the employer's suit in *Sanfax*—but rather on principles of indemnity. Plaintiff asserts that the applicable statute of limitations commenced to run from the time it paid its employee benefits, and not from the date its employee suffered injury. We have concluded that the *Sanfax* case is inapplicable here and that the judgment of dismissal must be reversed.

## DISCUSSION

■ It is true, as defendants assert, that a railroad's right to recover from a third party for liability incurred under the F.E.L.A. depends entirely upon state law. (*Brenham v. Southern Pacific Company* (W.D.La. 1971) 328 F.Supp. 119, 123; and cases cited therein.) ■ It is also true that the statute of limitations applicable to such third party suit is that of the state where the accident occurred, and not that contained in the F.E.L.A. (*Chicago & North Western Ry. Co. v. Chicago, R.I. & P.R. Co.* (N.D.Iowa 1959) 179 F.Supp. 33, 39.)

*County of San Diego v. Sanfax Corp., supra,* 19 Cal.3d 862 involves an employer's suit under Labor Code section 3852[1] to recover a sum equivalent to workers' compensation benefits paid to an injured employee from a third party allegedly responsible for the employee's injury. In *Sanfax,* the Supreme Court reaffirmed the rule that, in such a suit, the employer has one year from the date of an employee's injury in which to bring an action against a third party. (See *Aetna Cas. etc. Co. v. Pacific Gas & Elec. Co.* (1953) 41 Cal.2d 785 [264 P.2d 5, 41 A.L.R.2d 1037]; *Liberty Mutual Ins. Co. v. Fabian* (1964) 228 Cal.App.2d 427 [39 Cal.Rptr. 570].)

---

[1]Labor Code section 3852 provides in pertinent part: "The claim of an employee . . . for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer. Any employer who pays . . . compensation . . . may likewise make a claim or bring an action against the third person. . . ."

■ We hold that the *Sanfax* case is not applicable here because a railroad employer's liability under the F.E.L.A. is fundamentally different than an employer's liability for workers' compensation, and because the employer's statutory rights to subrogation, under Labor Code section 3852 et seq., have no parallels under the F.E.L.A.

Under the California workers' compensation scheme, liability for compensation benefits is imposed upon the employer without regard to fault. The employer is statutorily given a right to subrogation, that is to stand in the shoes of its employee in maintaining a personal injury action against an alleged negligent third party. Hence, the employer's suit against the third party is the same as its employee's suit would have been. This is the rationale of the court's decision in *Sanfax* and the decisions upon which it relies. Thus, the court in *Sanfax* stated (19 Cal.3d at p. 874): "Recognizing the procedural and substantive interchangeability of employee and employer third party actions, the cases have consistently held that the same statute of limitations, Code of Civil Procedure section 340, subdivision 3, governs both employee and employer actions."

Employer liability under the F.E.L.A. is not analogous to employer liability under California workers' compensation laws. Under the F.E.L.A., a railroad's employee must prove that he was injured as a result of his employer's negligence, albeit that degree of negligence may be only slight negligence. (45 U.S.C.A. § 51.)[2] Furthermore, the F.E.L.A. has no provision subrogating a railroad employer to his employee's rights as against an allegedly negligent third party. Where an employer is found liable under the F.E.L.A., his relationship to an allegedly negligent third party is that of a joint tortfeasor. Under the circumstances, the employer's remedy as against the third party must be either contribution or indemnity.

"The general rule of contribution or indemnity among joint tortfeasors has often been stated as being that a joint tortfeasor cannot recover either

---

[2]45 United States Code Annotated section 51 provides in pertinent part as follows: "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

indemnity or contribution from his co-joint tortfeasor, even though the one seeking it may be held liable for more than his share, or even for the full amount. Among the many exceptions to this rule is . . . the rule that a railroad charged with liability under the Federal Employers' Liability Act may recover contribution or indemnity, under certain circumstances, from a third party whose tortious conduct would render him liable to the injured employee in a private action by the employee against the third party. . . . [¶] One obvious reason for permitting this particular exception is that under the FELA a railroad may be liable merely for a failure to provide its employees with a safe place to work. This so-called 'failure' may entail little or almost no actual negligence on the part of the railroad, with the entire proximate cause resulting from the acts of a third party. In such a situation, where the negligence of the third party may be called the 'active' or 'primary' negligence and that of the railroad 'passive' or 'secondary' negligence, it has generally been held that the railroad against which liability is sought by its injured employee may recover full indemnity from the third party. On the other hand, a railroad whose negligence is more than merely passive, and whose acts contribute to the injury, is not entitled to indemnity although it may nevertheless be entitled to contribution from a third party whose negligent acts also contributed to the injury." (Fns. omitted.) (Annot. Right of Railroad, Charged With Liability for Injury to or Death of Employee Under Federal Employers' Liability Act, to Claim Indemnity or Contribution From Other Tortfeasor (1968) 19 A.L.R.3d 928, 930-931.)

■ California has adopted the rule which allows a railroad employer to seek indemnification from a third party tortfeasor for amounts paid to an injured employee under the F.E.L.A. where the railroad's negligence is secondary to the third party's primary negligence. (*Cobb* v. *Southern Pac. Co.* (1967) 251 Cal.App.2d 929 [59 Cal.Rptr. 916].)

■ A right to indemnity can arise from, among other things, an express contract, an implied contract, some special relationship legally sufficient to raise an obligation to indemnify, or, as between two tortfeasors, where the fault of one is active and the other passive. ■ The statute of limitations applicable to a cause of action for indemnity may vary depending on the basis for the claim. (See Annot., What Statute of Limitations Covers Action for Indemnity (1974) 57 A.L.R.3d 833.) ■ One thing, however, is settled and beyond question, and that is that a cause of action for indemnity based on tort accrues, and the statute of limitations commences to run, at the time the indemnity claimant suffers loss or damage—that is, at the time of payment of the underlying claim. (See *Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 612 [189 Cal.Rptr. 871, 659 P.2d 1160]; *General Brewing Corp.* v. *Clark* (1968) 264 Cal.App.2d 518, 520

[70 Cal.Rptr. 907]; *Cobb* v. *Southern Pac. Co., supra,* 251 Cal.App.2d 929, 933; Annot. When Statute of Limitations Commences to Run Against Claim for Contribution or Indemnity Based on Tort (1974) 57 A.L.R.3d 867.)

In the case at bench, plaintiff alleged that it paid F.E.L.A. benefits to its employee on September 13, 1979. Plaintiff's complaint was filed on August 6, 1980, within a year from the date its cause of action for indemnity accrued and within a year from the date the applicable statute of limitations began to run.

While the first amended complaint is not a model pleading and may be subject to demurrer on other grounds, the trial court erred in sustaining defendants' demurrers without leave to amend on the ground that the complaint was barred by the statute of limitations. The judgment of dismissal as to plaintiff is reversed.

Ashby, J., and Hastings, J., concurred.