[No. D006202. Fourth Dist., Div. One. May 12, 1988.]

JACK H. ALLEN et al., Cross-complainants and Appellants, v. SOUTHLAND PLUMBING, INC., Cross-defendant and Respondent.

COUNSEL

Duke, Gerstel, Shearer & Bregante, William K. Shearer and Michael S. Woodlock for Cross-complainants and Appellants.

Jay Davis for Cross-defendant and Respondent.

OPINION

**KREMER, P. J.**—Cross-complainants Jack Allen, Bernard Syfan and B. F. Syfan, Corp. (together Allen) appeal an order quashing service of summons and dismissing their cross-complaint against cross-defendant Southland Plumbing, Inc. Allen contends the court erred in ruling it lacked jurisdiction under Corporations Code[1] section 2011, subdivision (a), over dissolved corporation Southland. We reverse the order.

I

On January 24, 1983, Pacific Panorama Owners Association sued general contractor Allen for fraud, breach of implied warranty, negligence and breach of fiduciary duties involving construction defects including water and heating problems in an Allen-developed condominium project completed in 1979. Pacific Panorama did not name subcontractor Southland as a defendant.

On February 11, 1983, Southland filed its certificate of corporate dissolution with the California Secretary of State.

On April 15, 1983, Allen cross-complained against Southland for equitable indemnity, equitable apportionment and declaratory relief, alleging any

---

[1] All statutory references are to the Corporations Code unless otherwise specified.

damages suffered by Pacific Panorama were caused by Southland's negligence in providing professional services for the project.

## II

Southland moved to quash service of summons and to dismiss Allen's cross-complaint. Southland contended the court lacked jurisdiction because Allen's causes of action assertedly did not accrue until after Southland's dissolution. Allen opposed Southland's motion, contending the causes of action against Southland arose before Southland's dissolution. Allen asserted Southland's work at the Pacific Panorama project was completed in 1979 before Southland's dissolution. Allen also asserted the defects in Southland's work arose and were evident more than two years before Southland's dissolution.

After hearing, the court granted Southland's motion to quash service and dismissed Allen's cross-complaint against Southland. Allen appeals.

## III

Except for the purpose of winding up, Southland's corporate existence ceased upon filing of its certificate of dissolution. (§ 1905, subd. (b).) Nevertheless, dissolved corporation Southland continued to exist for purposes of defending actions against it and enabling it to discharge obligations. (§ 2010, subd. (a).) After Southland filed its certificate of dissolution, Allen cross-complained against Southland. We find Allen's cross-complaint was proper because its causes of action against Southland arose before Southland's dissolution. (§ 2011, subd. (a).)[2]

For purposes of section 2011, subdivision (a), Allen's indemnity claim against Southland constitutes a cause of action arising before Southland's dissolution. The fact Allen's claim is framed in terms of indemnity instead of negligence does not insulate Southland from Allen's cross-complaint. Allen's claim against Southland arises out of the same construction transaction as Pacific Panorama's complaint's causes of action against Allen. (Code Civ. Proc., § 428.10, subd. (b).) Allen seeks reimbursement from Southland for damages Pacific Panorama may recover from Allen for defects resulting from Southland's allegedly negligent predissolution activities. Southland concedes it could be sued by Pacific Panorama for those defects because Pacific Panorama's negligence cause of action would have arisen

---

[2] Section 2011, subdivision (a), provides: "In all cases where a corporation has been dissolved, the shareholders may be sued in the corporate name of such corporation upon any cause of action against the corporation arising prior to its dissolution. This section is procedural in nature and is not intended to determine liability."

before Southland dissolved. The policies underlying the principles of equitable indemnity support construing section 2011, subdivision (a), *to permit* Allen to cross-complain against dissolved corporation Southland for indemnity based upon those same defects allegedly resulting from Southland's negligent predissolution activities.

The happenstance Pacific Panorama has not sued Southland does not preclude Allen's cross-complaint. Pacific Panorama had "no right to single out" Allen to bear all the loss. (*People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744, 747 [163 Cal.Rptr. 585, 608 P.2d 673], citing *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899].) Allen has the right to pursue an equitable indemnity action against Southland to obtain indemnity for any liability Southland should properly bear. (*Ibid.*) Indemnity is "the obligation resting on one party to make good a loss or damage another party has incurred." (*Rossmoor Sanitation, Inc.* v. *Pylon, Inc.* (1975) 13 Cal.3d 622, 628 [119 Cal.Rptr. 449, 532 P.2d 97].) Thus, the purpose of Allen's cross-complaint is to shift the burden to Southland for any damages Pacific Panorama may recover from Allen resulting from Southland's negligent predissolution activities.

■ Code of Civil Procedure section 1060 authorizes the court in cases of actual controversy to declare a party's rights or duties "before there has been any breach of the obligation in respect to which said declaration is sought." A cross-complaint for equitable indemnity may properly take the form of an action for declaratory relief. (*Postley* v. *Harvey* (1984) 153 Cal.App.3d 280, 285 [200 Cal.Rptr. 354].) "[A] tort defendant may file a cross-complaint against a third party when the defendant properly alleges entitlement to indemnity from such a party, *should the plaintiff prevail on the original complaint*." (*Ibid.*, italics added.) Thus, Allen's right to cross-complain against Southland arose no later than the time Pacific Panorama sued Allen. (*Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 612-623 [189 Cal.Rptr. 871, 659 P.2d 1160], citing *General Brewing Corp.* v. *Clark* (1968) 264 Cal.App.2d 518-519 [70 Cal.Rptr. 907].)

■ Citing *Valley Circle Estates* v. *VTN Consolidated, Inc., supra,* 33 Cal.3d 604, *People* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 26 Cal.3d 744, and *E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497 [146 Cal.Rptr. 614, 579 P.2d 505], Southland contends the court properly granted its motion to quash because Allen's asserted cause of action for indemnity will accrue only when Allen becomes liable to Pacific Panorama under a settlement or judgment. However, Southland's reliance on those cases is misplaced. The cases simply hold the statute of limitations does not begin to run on a cause of action for equitable indemnity until a

settlement or judgment has been paid by the potential indemnitee. The fact the statute of limitations may not have commenced running on Allen's indemnity claim against Southland does not mean Allen is seeking relief on a cause of action arising after Southland's dissolution. A defendant may properly bring a declaratory cross-complaint for indemnity in the original tort action even though "*for statute of limitations purposes,* the defendant's indemnity action does not accrue until he has suffered actual loss through payment." (*People* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 26 Cal.3d at p. 759, italics added; also *Valley Circle Estates* v. *VTN Consolidated, Inc., supra,* 33 Cal.3d at p. 612; *E. L. White, Inc.* v. *City of Huntington Beach, supra,* 21 Cal.3d at p. 506.)[3]

Our decision Allen may properly cross-complain against dissolved corporation Southland is buttressed by *North American Asbestos Corp.* v. *Superior Court* (1986) 180 Cal.App.3d 902 [225 Cal.Rptr. 877]. In *North American Asbestos* the court stated under section 2010 ". . . there is no time limitation for suing a dissolved corporation for *injuries arising out of its predissolution activities* [citation], other than the time prescribed by the applicable statute of limitations." (*Id.* at p. 904, italics added.) No issue involving the statute of limitations is apparent here. Allen's cross-complaint is based upon Southland's allegedly negligent predissolution acts occurring in 1978 and 1979. Construction defects allegedly resulting from Southland's negligence were evident as early as 1980. In *North American Asbestos* the court also noted: ". . . California has an interest in allowing injured residents to recover for injuries incurred within the state prior to dissolution which, in some cases, have not manifested themselves before dissolution. California also has an interest in assuring that codefendants jointly liable for the damages are not required to pay the share of damages attributable to dissolved corporations." (*Id.* at p. 906.)

Permitting subcontractor Southland to escape suit by general contractor Allen under the circumstances here would be inequitable. The gravamen of Allen's claim is Southland's allegedly negligent predissolution activities. Southland's dissolving before Allen was held liable to Pacific Panorama and before Allen filed its cross-complaint grounded on Southland's

---

[3] We note with respect to claims against public entities, Government Code section 901 provides: "For the purpose of computing the time limits prescribed by [Government Code] Sections 911.2, 911.4, 912, and 945.6, the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon. However, *the date upon which a cause of action for equitable indemnity or partial equitable indemnity accrues shall be the date upon which a defendant is served with the complaint giving rise to the defendant's claim for equitable indemnity or partial equitable indemnity against the public entity.*" (Italics added.)

predissolution activities should not insulate Southland from Allen's claim. "To impose on general contractors the liability of their subcontractors would not only be unfair, but could effectively deter the activities of the construction industry. On the other hand, to require that subcontractors remain liable for their work for the period of time during which general contractors must remain liable, should not only promote responsibility in the construction industry generally, but provide an additional incentive on the part of subcontractors to be certain of their work." (*Valley Circle Estates* v. *VTN Consolidated, Inc., supra,* 33 Cal.3d at p. 614.)

The superior court should have denied Southland's motion to quash service and to dismiss Allen's cross-complaint.

## DISPOSITION

The order quashing service of summons and dismissing the cross-complaint is reversed. Appellants to have costs on appeal.

Work, J., and Benke, J., concurred.